IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**ULYSSES BRAXTON,**

       **Plaintiff,**

v.                                                                                               Civil Action No. 1:05CV18
                                                                                                 (Judge Broadwater)

**WARDEN KEVIN WENDT;**
**A.R. TEMPLES, Supervisor of Education;**
**JOE YEAGER, Education Techinician;**
**D. McADAMS; Unit Manager;**
**A. O'DELL, Case Manger; and**
**P. SALINAS, B-3 Counselor,**
**Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge James E. Seibert, dated August 22, 2005. The plaintiff filed Objections to the Report and Recommendation on September 6, 2005. After conducting a *de novo* reviewing the above, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted.

The Plaintiff's objections essentially restate his original complaints and provide additional information regarding the exhaustion of administrative remedies in his case. The court finds that the issue of exhaustion of administrative remedies is not essential to the disposition of this matter or the Court's review of the Plaintiff's claims.

Plaintiff fails to state a cause of action upon which relief may be granted with respect to his allegations of Eighth Amendment Constitutional Violations. The Court adopts the evaluative standard as set forth in the Magistrate's Report and Recommendation. Under the applicable

standards, the Plaintiff does not have to suffer actual harms to sustain an Eighth Amendment action, however, in this case the Plaintiff did not show that he faced any true threat or harm. The merel potential for some speculated type of threat does not demonstrate deliberate indifference or the violation of any duty by prison officials.

Plaintiff further fails to show that any alleged retaliatory actions interfered with his constitutionally protected rights. Specifically, Plaintiff's work assignments and visitation allowance are not constitutionally protected rights. Furthermore, the Plaintiff's access to the courts was not compromised, as demonstrated by his comprehensive filings in this action.

As cited in the Magistrate's Report and Recommendation, the Plaintiff has failed to make the required showing with respect to the factors necessary for the Court to grant injunctive relief in this case.

The Court accordingly **ORDERS** that the Plaintiff's Motion to Amend (Document No. 6) is **GRANTED**. Plaintiff's Complaint (Document No. 1) and Amended Complaint (Document No. 8) are **DISMISSED WITH PREJUDICE** based upon the reasons set forth in the Magistrate Judge's Report and Recommendation and pursuant to 28 U.S.C. §1914A. Plaintiff's Motion for Injunctive Relief and/or Temporary Restraining Order (Document No. 7) is **DENIED**. Plaintiff's Motion for Change of Venue (Document No. 13) is **DENIED as MOOT**. It is further **ORDERED** that this action be and is hereby **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the Plaintiff and all counsel of record herein.

**DATED** this 24th day of March 2006.

W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE